**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 20, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

RAYMOND SHAY,

    Plaintiff - Appellant,

v.

MATTHEW BARRAZA; MICHAEL
COLBY; ZACHARY POWELL,

    Defendants - Appellees.

No. 24-4107
(D.C. No. 2:24-CV-00011-DBB)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, **BACHARACH**, and **EID**, Circuit Judges.
_____

Raymond Shay, a Utah state prisoner appearing pro se, appeals from the district court's dismissal of his civil rights complaint. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

I

In November 2023, Mr. Shay, who at the time was confined in the Salt Lake Metro County Jail, filed a pro se civil rights complaint asserting claims under

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

42 U.S.C. §§ 1983 and 1985 against three attorneys who represented him during the course of his state criminal proceedings.  The complaint alleged that two of the defendants, Michael Colby and Zachary Powell, were employed by the Salt Lake Legal Defender Association and that the third defendant, Matthew Barraza, was employed by the Utah Indigent Defense Commission.  The complaint alleged all three defendants provided ineffective assistance to Mr. Shay.  The complaint sought relief in the form of back pay, "child support of recovery service," "damage of imprisonment," damages for defamation of Mr. Shay's character, and "release" from confinement.  R. at 12.

The district court screened the complaint pursuant to 28 U.S.C. § 1915A and ordered Mr. Shay to show cause why the complaint should not be dismissed for failure to state a claim upon which relief could be granted.  The district court cited two bases for its decision.  First, the district court concluded the defendants were not state actors for purposes of § 1983.  Second, the district court noted that if it "were to conclude that [Mr. Shay's] constitutional rights were violated according to [his] allegations, it would be finding that [his] incarceration was not valid." *Id.* at 23.  The district court therefore concluded that, consistent with the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), Mr. Shay's claims had to be dismissed until such time as he could "'demonstrate that the conviction or sentence ha[d] . . . been invalidated.'"  R. at 23-24 (quoting *Heck*, 512 U.S. at 487).

Mr. Shay filed a timely response to the district court's show cause order.  The response did not address the two bases for dismissal discussed by the district court.

2

Instead, Mr. Shay alleged he was a "human" who was "us[ing] proper channels to address" his claims and was acting in "good faith" rather than "frivolously or maliciously." *Id.* at 26. Mr. Shay also included with his response copies of documents he sent to the Utah state courts and Utah's Office of Professional Conduct.

After reviewing Mr. Shay's response, the district court issued a memorandum decision dismissing the case pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief could be granted. The district court then entered final judgment in the case.

Mr. Shay now appeals.

## II

We review de novo a district court order dismissing a complaint under § 1915(e)(2)(B)(ii). *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). In determining whether dismissal was appropriate, we analyze the pleadings under the same sufficiency standard as we do for a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Id.* at 1217-18. This requires us to "accept all the well-pleaded allegations of the complaint as true and . . . construe them in the light most favorable to the plaintiff." *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (internal quotation marks omitted).

We turn first to the district court's conclusion that the three defendants named in the complaint were not state actors. A § 1983 claim may be brought only against persons who were acting under color of state law at the time they allegedly violated

3

the plaintiff's civil rights. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 315 (1981) (stating that "a jurisdictional requisite for a § 1983 action" is that the defendant acted under color of state law). Notably, the Supreme Court has long held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Id.* at 325. Mr. Shay's complaint quite clearly alleges the three named defendants acted as his defense counsel during the course of his state criminal proceedings. Indeed, the very essence of Mr. Shay's claims concern the performance of these defendants in the course of defending Mr. Shay. Consequently, we agree with the district court that defendants were not acting under color of state law when they were representing Mr. Shay and are not subject to suit under § 1983.

We also agree with the district court that, in light of *Heck*, Mr. Shay has failed to state a valid claim for damages. In *Heck*, the Supreme Court held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

512 U.S. at 486-87 (footnote omitted). "A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983." *Id.* at 487 (emphasis in original). That plainly describes Mr. Shay's claim for damages in this case.

4

III

The judgment of the district court is affirmed.  Mr. Shay's motion to proceed on appeal without prepayment of costs and fees is granted.

Entered for the Court


Timothy M. Tymkovich
Circuit Judge